IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| DARRELL KLUGE, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNAL REVENUE SERVICE, ) <br> ) <br>     Defendant. ) <br> _____ ) | Case No. 0:09-cv-1763-DWF-JJG |

<u>ANSWER TO AMENDED COMPLAINT</u>

COMES NOW the Internal Revenue Service and answers the allegations of the amended complaint, dated July 23, 2009,[1] as follows:

1.    Admits.

2.    Admits, except denies this action arises under 5 U.S.C. § 552a, and denies that jurisdiction is founded on 28 U.S.C. § 1346, and avers that to the extent jurisdiction exists, it is grounded in 5 U.S.C. § 552(a)(4)(B).

---

[1] The Internal Revenue Service served an answer to the complaint on September 10, 2009, and this answer was entered on the court's docket on September 15, 2009. At the time it served its answer, the Service was unaware that the amended complaint had been filed. The certificate of service says that the amended complaint was served electronically, using the Court's CM/ECF system. The electronically served amended complaint did not reach the undersigned, however, until he received a notice of electronic filing of the Service's answer. The undersigned noticed that the answer was docketed as an answer to the amended complaint. The undersigned looked into the matter and discovered that the only version of the complaint to have reached the undersigned was the original complaint, not the amended complaint. To the extent the amended complaint was not properly served, the Service waives this error.

3. Admits, with the further explanation that the Service is a bureau of the United States Department of the Treasury.

4. Admits that, pursuant to the FOIA, and the Privacy Act, 5 U.S.C. § 552a, the Plaintiff properly filed a request for information contained in administrative and investigative files, including but not limited to, all tax returns, revenue agent's workpapers, transmittal slips, revenue agents' reports, case activity workpapers, and any files, records, correspondence, memoranda, or other documents regarding any proposals, recommendations, referrals, or other actions or suggested actions relating to the examination or investigation of his 2004, 2005, 2006, and 2007 federal income tax returns. Admits that the Plaintiff made a request for records under the Privacy Act, but denies that the Privacy Act applies to the instant action. Further admits that a copy of such a request is attached to the complaint as Exhibit 1. Further admits that a request was made on May 21, 2009. Denies that the request attached to the complaint as Exhibit 1 was made on May 21, 2009. Further denies that this request included information relating to the examination or investigation of his 2003 and 2008 federal income tax returns.

5. Admits that the Service notified the Plaintiff by letter on June 24, 2009, that a response was at that time unavailable. Denies, to the extent that paragraph 5 can be read to allege that the Service notified the Plaintiff that no response would be forthcoming.

6. Admits.

7. Denies.

8. Denies.

9. Denies.

10. Denies.

## FIRST DEFENSE

11. This Court lacks subject matter jurisdiction in part because the Plaintiff failed to exhaust his administrative remedies as to records pertaining to tax years 2003 and 2008.

## SECOND DEFENSE

12. The Internal Revenue Service may withhold any responsive records or portions thereof that are exempt from disclosure pursuant to the exemptions contained in the FOIA.

## THIRD DEFENSE

13. The Plaintiff is not entitled to any relief beyond that provided under the FOIA.

## FOURTH DEFENSE

14. The Plaintiff has failed to state a claim upon which relief can be granted against the Internal Revenue Service under the FOIA.

## FIFTH DEFENSE

15. The Plaintiff never made a valid request for records under the FOIA for tax years 2003 and 2008.

WHEREFORE, having fully responded to the Plaintiff's complaint, the Internal Revenue Service, respectfully prays as follows:

    A.    That the Court dismiss the complaint with prejudice;

    B.    That the Court grant the Internal Revenue Service the cost of its defense; and

    C.    For such other and further relief as the Court finds just and proper under the circumstances.

DATED: October 5, 2009.

        B. TODD JONES
        United States Attorney


        /s/ William Bradley Russell Jr.
        WILLIAM BRADLEY RUSSELL JR.
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 307-0854
        E-Mail: William.B.Russell@usdoj.gov

        Attorneys for the Defendant
        Internal Revenue Service

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing ANSWER has been made this 5th day of October, 2009, by filing the same using the CM/ECF system, which shall provide notice to:

    Thomas E. Brever, Esquire
    2812 Anthony Lane, South
    Suite 200
    St. Anthony, Minnesota  55418

    <u>/s/ William Bradley Russell Jr.</u>
    WILLIAM BRADLEY RUSSELL JR.
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 227
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 307-0854
    E-Mail: William.B.Russell@usdoj.gov