IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| DARRELL KLUGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 0:09-cv-1763-DWF-JJG |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>

Darrell Kluge is under investigation by the Internal Revenue Service Office of Criminal Investigation. Kluge sought to learn the details of the investigation by filing a request under the Freedom of Information Act (FOIA). He requested that the Service release to him all materials contained in the Service's administrative or investigative files pertaining to Kluge's 2004 through 2007 federal taxes. In response to Kluge's request, the Service conducted an adequate search for responsive materials. The Service released some of these materials and declined to release others.

Kluge's complaint arises out of his FOIA request. After Kluge filed his lawsuit, the Service released a small number of additional documents. And Kluge agreed that the Service's decision to withhold documents was justified,

1

except with respect to one category of documents; Kluge disputes the Service's right to withhold those documents (Bates numbers 509 to 1216).  Because only one category of documents remains in dispute, this motion addresses only that category.

The Service summary judgment based on the undisputed evidence that it has conducted an adequate search and the documents in the disputed category are exempt from disclosure under the Freedom of Information Act.  Specifically, the records are within exemption 3, 5 U.S.C. § 552(b)(3), and exemption 7A, 5 U.S.C. § 552(b)(7)(A).  Exemption 3 prevents disclosing materials specifically protected from disclosure by another statute.  The documents in the disputed category are protected from disclosure by 26 U.S.C. § 6103(e)(7) because they are tax information whose disclosure would seriously impair tax administration.  The Service has provided a declaration explaining that an authorized official has determined that releasing the documents in the disputed category would seriously impair tax administration.  Exemption 7A protects law enforcement information to the extent that disclosure of the information could reasonably be expected to interfere with enforcement proceedings.  The Service has provided a declaration explaining that disclosing the information in the disputed category would also interfere with enforcement proceedings.

A case under the Freedom of Information Act can be decided at summary judgment if the defendant agency provides sufficiently specific affidavits or declarations to enable the court to determine that the agency withheld information lawfully under an exemption to the Act:

> In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."

Voinche v. F.B.I., 46 F. Supp. 2d 26, 28 (D.D.C. 1999); see also Mo. Coalition for Envmt. Found. v. U.S. Army Corps of Engineers, 542 F.3d 1204, 1209–10 (8th Cir. 2008) (approving use of declarations, along with Vaughn index describing material withheld, to support summary judgment).  This procedure allows the Court to address at summary judgment the agency's decision to withhold material.  Accordingly, the Service has submitted declarations describing the information withheld and explaining why that information is protected from disclosure under the Freedom of Information Act.

>   I.   THE THRESHOLD ISSUE: THE INTERNAL REVENUE SERVICE
>        CONDUCTED AN ADEQUATE SEARCH

A threshold matter in every FOIA suit is the search's adequacy.  At summary judgment, the agency must establish "beyond material doubt that it

has conducted a search reasonably calculated to uncover all relevant documents" responsive to the FOIA request. Morley v. C.I.A., 508 F.3d 1108, 1114 (D.C. Cir. 2007) (internal alteration omitted) (quoting Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344 (D.C. Cir. 1983)). "An agency may prove the reasonableness of its search through affidavits from responsible agency officials, as long as such affidavits are relatively detailed, nonconclusory, and submitted in good faith." Pollack v. U.S. Bureau of Prisons, 879 F.2d 406, 409 (8th Cir. 1989); accord Becker v. I.R.S., 34 F.3d 398, 405–06 (7th Cir. 1994).

The Service meets this standard with two declarations. The first is from disclosure specialist Vivian King. King describes the Service's system for indexing and retrieving taxpayer information. (King Decl., Ex. 101, ¶ 6.) King also details the method she used to search this system for information responsive to Kluge's FOIA request. (King Decl. ¶ 7.) This method revealed all of Kluge's tax account information within the scope of his request. (King Decl. ¶ 7.) King explains that she learned that Kluge is under criminal investigation for tax years 2004 through 2006. (King Decl. ¶ 7.) King further explains that criminal investigators ordinarily maintain files containing all information in the administrative file on an individual under criminal investigation. (King Decl. ¶ 8.) For that reason, King determined that all information responsive to Kluge's request would be located in the criminal investigators' files. (King Decl.

¶ 8.) Consequently, King contacted Special Agent Janet Oakes to determine whether criminal investigators had information responsive to Kluge's request. (King Decl. ¶ 8.)

Special Agent Oakes made the second declaration. In it she explains that she met with the special agent assigned to the Kluge investigation. (Oakes Decl., Ex. 102, ¶ 5.) Together with that special agent, Oakes reviewed the investigative file on a page-by-page basis to identify materials responsive to Kluge's request. (Oakes Decl. ¶ 5.) Oakes then delivered to King all responsive documents, along with a recommendation on which documents should be withheld. (Oakes Decl. ¶ 6.)

Together, the King and Oakes declarations show that there is no genuine question that the Service conducted an adequate search. Thus, the Court can move on to decide the substantive issue in this case: whether the Service lawfully withheld the financial documents in question, which bear Bates numbers 509 to 1216.

## II.   THE DISPUTED ISSUE: THE SERVICE LAWFULLY WITHHELD THE DISPUTED DOCUMENTS

The disputed category contains financial information received from third parties in response to summonses by the Service. The Service did not produce these documents because they all fall within Freedom of Information Act

exemption 3 and exemption 7A. Exemption 3 provides that the Act does not require the disclosure of material specifically exempted from disclosure by statute. 5 U.S.C. § 552(b)(3). Section 6103 of the Internal Revenue Code generally prohibits disclosure of tax information. Section 6103(e)(7) authorizes disclosure to a taxpayer of his own tax information, but only if the Service determines that disclosure would not seriously impair tax administration. 26 U.S.C. § 6103(e)(7). Naturally, if the Service determines that releasing a taxpayer's own information <u>would</u> seriously impair tax administration, § 6103(e)(7) does not authorize releasing the information. And where § 6103(e)(7) prevents disclosure of a document because the Service has determined disclosure would seriously impair tax administration, exemption 3 likewise authorizes withholding the document for purposes of the FOIA. See <u>Radcliffe v. I.R.S.</u>, 536 F. Supp. 2d 423, 435 (S.D.N.Y. 2008). In this case, the Service determined that releasing the disputed documents would seriously impair tax administration because releasing the documents would likely interfere with tax enforcement proceedings.

Enforcement proceedings are also the object of exemption 7A, which protects law enforcement information to the extent disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). The Service has determined that releasing the disputed documents would

interfere with tax enforcement proceedings. This harm justifies withholding the disputed documents both under exemption 3 and under exemption 7A. See Radcliffe, 536 F. Supp. 2d at 439–40 (explaining that documents compiled as part of tax investigation are protected from disclosure under both exemption 3—in conjunction with § 6103(e)(7)—and exemption 7A because disclosure would interfere with tax enforcement).

Releasing these documents under FOIA would interfere with any criminal prosecution brought against Kluge. Specifically, these documents would allow Kluge to follow and impede the criminal investigation. Additionally, if Kluge is able to get these documents outside of the reciprocal discovery provisions of the Federal Rules of Criminal Procedure, the government would be prevented from availing itself of these same provisions. Consequently, the disputed documents are not subject to disclosure under FOIA exemption 3 and exemption 7(A).

In this case, the Service can meet its burden of proving that the disputed documents are within exemption 3 and exemption 7(A) by demonstrating that two criteria are met. First, the Service must show that the disputed documents were compiled as part of the Service's investigation. And second, the Service must show that the release of the disputed documents would interfere with tax enforcement proceedings. These criteria are essentially the same for both exemption 3 and exemption 7(A) in this case. Compare Radcliffe, 536 F. Supp.

2d at 435 ("To qualify for [exemption 3] pursuant to § 6103(e)(7), the IRS must demonstrate that two criteria have been met: (1) the documents must constitute 'return information' and (2) the disclosure of the information would seriously impair Federal tax administration.") and id. at 436 (explaining that records were "return information," notwithstanding that they were gathered by private company, because they were "received by the IRS pursuant to summonses during an investigation") with Barney v. Internal Revenue Serv., 618 F.2d 1268, 1272–73 (8th Cir. 1980) ("To sustain its burden of showing documents were properly withheld under exemption 7(A), the government had to establish only that they were investigatory records compiled for law enforcement purposes and that production would interfere with pending enforcement proceedings.").

The Service has met its burden to justify its decision to withhold the disputed documents by submitting the declaration of Special Agent Julio LaRosa. Special Agent LaRosa is the Acting Special Agent in Charge of the Minneapolis Field Office of the Service's Office of Criminal Investigation (LaRosa Decl., Ex. 201, ¶ 1). That office is currently conducting a criminal investigation of Kluge. (LaRosa Decl. ¶ 3.) LaRosa explained that the disputed documents are financial records obtained by the Service in response to summonses to third parties. (LaRosa Decl. ¶ 7.) As the Acting Special Agent in Charge, LaRosa is empowered to determine on behalf of the Service whether

disclosing tax information would seriously impair tax administration within the meaning of § 6103(e)(7). (LaRosa Decl. ¶ 6.) LaRosa made the determination that releasing the disputed documents would seriously impair tax administration. (LaRosa Decl. ¶ 6.) Specifically, these documents would reveal to Kluge the scope and direction of the Service's investigation, and allow Kluge to determine what information the Service does not yet have. (LaRosa Decl. ¶ 7.) This revelation would be harmful to tax administration because Kluge would be able to conceal or tamper with evidence the Service does not yet have. (LaRosa Decl. ¶ 7.) Additionally, this information would be tantamount to premature discovery and would deprive the government of reciprocal discovery. (LaRosa Decl. ¶ 7.) See also Fed. R. Crim. P. 16(b)(1) (allowing government discovery from defendant only if defendant has requested discovery from government pursuant to Rule 16(a)(1)).

Thus, the Service has shown that the disputed documents were compiled by the Service as part of its investigation of Kluge. And the Service has shown that releasing these documents would likely interfere with tax enforcement proceedings. The Service has met its burden of establishing that the disputed documents are within exemption 3 and exemption 7(A) to the Freedom of Information Act. Accordingly, the Court should grant summary judgment to the Service.

DATE: May 3, 2010.

                    JOHN A. DiCICCO
                    Acting Assistant Attorney General
                    Tax Division


                    <u>/s/ William Bradley Russell Jr.</u>
                    WILLIAM BRADLEY RUSSELL, JR.
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Post Office Box 227
                    Ben Franklin Station
                    Washington, D.C.  20044
                    Telephone: (202) 307-0854

CERTIFICATE OF COMPLIANCE WITH RULE 7.1(d)

Counsel hereby certifies that the foregoing memorandum of law contains 2,070 words. Counsel certifies that counsel relied upon a function of the word processing software used to prepare this memorandum to count the words in this memorandum. Counsel certifies that the word processing word counting function has been applied specifically to include all text, including headings, footnotes, and quotations. Counsel certifies that this memorandum was prepared using Corel WordPerfect version X3.

/s/ William Bradley Russell, Jr.
WILLIAM BRADLEY RUSSELL, JR.
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0854