# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Darrell Kluge,** | Civ. No. 09-1763 (JJG) |
| **Plaintiff,** | |
| v. | **O R D E R** |
| **Internal Revenue Service,** | |
| **Defendant.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the undersigned Magistrate Judge on Defendant Internal Revenue Service's Motion for Summary Judgment. Plaintiff Darrell Kluge did not oppose the motion, and with the acquiescence of the parties, the Court took the motion under advisement without a hearing. For the reasons set forth below, the Court grants the motion and dismisses this case with prejudice.[1]

## I.      BACKGROUND

Plaintiff Darrell Kluge ("Kluge") commenced this action pursuant to 5 U.S.C. § 552 and § 552a to obtain documents under the Freedom of Information Act ("FOIA"). He alleged in his Amended Complaint that he filed a request for disclosure of information related to his 2003-2008 federal income tax returns with Defendant Internal Revenue Service ("IRS") on May 21, 2009. In response, the IRS produced 687 of 1883 pages, asserting various exemptions from disclosure for the documents it withheld.

---

[1]     The parties have consented to the exercise of jurisdiction by this Court pursuant to 28 U.S.C. § 636(c)(1).

In December 2009, the parties filed a joint status report and advised the Court that they had reviewed and discussed the IRS's claimed exemptions. Kluge accepted some of the exemptions, but not the exemptions asserted for withholding documents Bates-numbered 509-1216. No further activity was docketed in the case until the IRS's motion for summary judgment. Kluge did not oppose the motion for summary judgment, and his counsel wrote in a letter dated July 8, 2010 that he had been unable to communicate with his client, that he did not intend to respond to the IRS's motion, and that he would not appear at the hearing.

## II. DISCUSSION

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Chial v. Sprint/United Mgmt. Co.*, 569 F.3d 850, 853-54 (8th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)). The moving party bears the burden to show that the material facts are not in dispute. *Mems v. City of St. Paul*, 224 F.3d 735, 738 (8th Cir. 2000). The nonmoving party may not respond with mere allegations or denials but must present specific facts creating an authentic issue for trial. *Anderson*, 477 U.S. at 256. The evidence and resulting inferences are viewed in the light most favorable to the nonmoving party. *Graves v. Ark. Dep't of Fin. & Admin.*, 229 F.3d 721, 723 (8th Cir. 2000).

A FOIA case may be decided on summary judgment if "the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382 (8th Cir. 1985) (citing *Weisberg v. U.S. Dep't of Justice*, 705

F.2d 1344, 1350 (D.C. Cir. 1983)). The agency must prove that each requested document was produced, exempt from production, or unidentifiable. *Id.* at 1382-83 (quoting *Nat'l Cable Television Ass'n, Inc. v. Fed. Commc'n Comm'n*, 479 F.2d 183, 186 (D.C. Cir. 1973)).

### A.  The Reasonableness of the Search for Documents

A threshold question is whether the agency conducted a reasonable search for the documents. *Miller*, 779 F.2d at 1383 (quoting *Weisberg*, 705 F.2d at 1351). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith." *Id.* (citing *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978)).

Here, the IRS has proven the reasonableness of its search through the declarations of IRS Disclosure Specialist Vivian King and Special Agent Janet Oakes. King has been a disclosure specialist since 1998, and her job is to respond to FOIA requests on behalf of the IRS. After King received Kluge's FOIA request, she searched for responsive documents using the IRS's Integrated Data Retrieval System ("IDRS"). The IDRS consists of databases and operating programs used by IRS employees in working on active tax cases. The IDRS manages data extracted from the tax Master File, which is the IRS's nationwide electronic information system of taxpayer information. The IRS also has a tax non-Master file used to store temporary taxpayer information until it is uploaded to the Master File.

King searched for responsive information by entering Kluge's social security number and several command codes into the IDRS. King located Kluge's tax return information for the years 2004, 2005, and 2006, but found no return for 2007. According to King, all tax return information within the scope of Kluge's request would have been contained in the IDRS. King also learned that Kluge's 2004, 2005, and 2006 tax years were the subject of an ongoing criminal

investigation. King therefore contacted Oakes to determine whether criminal investigators had additional responsive information.

In Oakes' dual role as a special agent and disclosure coordinator, she frequently responds to FOIA requests on behalf of the IRS. She is familiar with the types of documents created and maintained by the criminal investigation unit, the methods to search for responsive documents, and the FOIA exemptions. Oakes met with the agent assigned to Kluge's criminal investigation and reviewed the investigative file page-by-page. She identified all responsive documents and determined which pages should be withheld pursuant to a FOIA exemption. Oakes then delivered all of the responsive documents to King and recommended which documents should be withheld.

Kluge has not challenged the adequacy of the IRS's search for responsive information. Based on the declarations of King and Oakes, the Court concludes that the IRS conducted a reasonable search.

**B.     Whether the IRS Properly Withheld the Documents**

The next question is whether the IRS withheld the disputed documents pursuant to a valid exemption. The documents at issue consist of records provided by financial institutions and other third parties in response to summonses issued by the IRS's criminal investigative unit. The IRS claims that the documents are exempt from disclosure under Exemption 3, codified at 5 U.S.C. § 552(b)(3), and Exemption 7(A), codified at 5 U.S.C. § 552(b)(7)(A).

Exemption 3 permits the nondisclosure of materials that are protected from disclosure by another statute. 5 U.S.C. § 552(b)(3). The IRS identifies the other statute applicable here as 26 U.S.C. § 6103(e)(7), which permits a taxpayer to inspect his or her own return information unless such disclosure would seriously impair federal tax administration. Relatedly, exemption 7(A) permits the agency to withhold "information compiled for law enforcement purposes" when

4

disclosure "would reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

The IRS has submitted the declaration of Special Agent Julio LaRosa to show that disclosure of the contested documents would seriously impair federal tax administration and interfere with enforcement proceedings. LaRosa is in charge of the Minneapolis Field Office of the IRS's Office of Criminal Investigation. LaRosa verified that the Office of Criminal Investigation is currently investigating Kluge and, as part of that investigation, compiled the documents at issue. LaRosa personally reviewed the documents withheld under Exemptions 3 and 7(A) and determined that disclosure of the disputed documents would seriously impair federal tax administration, as contemplated by 26 U.S.C. § 6103(e)(7). LaRosa also determined that production of the documents could reasonably be expected to interfere with enforcement proceedings, under 5 U.S.C. § 552(b)(7)(A). Specifically, releasing the documents to Kluge would reveal the scope and direction of the criminal investigation and alert him to information the IRS does not yet have. The latter consequence would give Kluge the opportunity to tamper with or hide evidence. Production of the information would also be tantamount to premature discovery, which would deprive the IRS of reciprocal discovery if a criminal tax prosecution is commenced.

Kluge has not challenged the IRS's assertion that it lawfully withheld the disputed documents. Based on LaRosa's declaration, the IRS has shown that the disputed documents were compiled as part of the criminal investigation of Kluge and that releasing the documents would seriously interfere with tax administration and enforcement proceedings. The Court concludes that the documents were exempt from disclosure under Exemptions 3 and 7(A).

### III.    CONCLUSION

The IRS has fully discharged its obligations under FOIA. Each document requested by Kluge was either produced or exempt from production. Accordingly, the IRS is entitled to summary judgment and dismissal of this action.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Internal Revenue Service's Motion for Summary Judgment (Doc. No. 18) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 20, 2010

*s/ Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge